UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. : 08-21557-MC-KING/BANDSTRA

CAREY, RODRIGUEZ, GREENBERG
& PAUL, LLP,

     Petitioner,

v.

HELGA ARMINAK and ARMINAK
& ASSOCIATES, INC.,

     Respondents.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court on Petitioner's Motion for Final Judgment (D.E. 57) filed on December 22, 2008.  On January 5, 2009, this motion was referred to Chief United States Magistrate Judge Ted E. Bandstra by the Honorable James Lawrence King for a Report and Recommendation.  Having carefully reviewed the motion, the response and reply thereto, all supporting documentation, the court file and applicable law, the undersigned recommends that Petitioner's Motion for Final Judgment be GRANTED IN PART as explained below.

## PROCEDURAL HISTORY

The instant action arises from a previous action before Judge Ursula Ungaro in Case No. 06-61619-CIV-UNGARO-BENAGES.  Rexam Airspray, Inc. ("Rexam") sued Arminak and Associates, Inc. ("Arminak"), alleging that Arminak continued to market, sell, and distribute Rexam's patented hair products even after the parties had terminated their agreement which contained a non-compete provision.  On October 30, 2006, Arminak

entered into a written fee agreement with Carey, Rodriguez, Greenberg & Paul, LLP, a law firm, to provide legal representation for that action. On January 25, 2007, Judge Ungaro dismissed the action due to a lack of personal jurisdiction. Arminak paid the first four invoices of billed legal representation provided by the Carey Rodriguez firm, however, failed to pay the final three invoices billed to it.

On June 8, 2007, the Carey Rodriguez firm commenced an arbitration proceeding in Miami to collect on these unpaid invoices. On March 6, 2008, the arbitrator heard arguments and received evidence concerning this matter. On April 16, 2008, both parties supplied post-hearing briefs. On May 28, 2008, the arbitrator entered an arbitration award in Carey Rodriguez's favor that totaled $67,168.15 on the unpaid invoices, and $6,054.38 for administrative costs (not attorney fees) incurred during the arbitration. Arminak's counterclaim, which alleged that the amount paid for the first four invoices should be returned to them, was denied.

On May 30, 2008, the Carey Rodriguez firm commenced this action by filing its motion to confirm arbitration award pursuant to Section 9 of the Federal Arbitration Act. The Federal Arbitration Act provides for "expedited judicial review to confirm, vacate or modify arbitration awards" solely under limited statutory bases. 9 U.S.C. Section 10(a). These statutory grounds which include, but are not limited to, an award procured by corruption, fraud or undue means, or where there is evident partiality or corruption by the arbitrator are the exclusive grounds for vacating an award pursuant to the Federal Arbitration Act. *Hall Street Associates, L.L.C. v. Mattel, Inc.,* 128 S.Ct. 1396, 1403-1404 (2008).

On October 27, 2008, this Court entered an Omnibus Order Granting Motion to

Confirm Arbitration Award, Denying Motion to Vacate Arbitration Award, Holding Plaintiff is Entitled to Costs and Interest (D.E. 34).  The Court granted Carey Rodriguez's motion to confirm the arbitration award.  Additionally, the Court found that Carey Rodriguez was entitled to an award of costs incurred for both the underlying arbitration inclusive of attorneys' fees in both pursuing its claim and defending against the counterclaim and the instant action.  The Court also found that Carey Rodriguez was entitled to an award of interest from the date of the award.  Carey Rodriguez was ordered to file supporting affidavits and documentation supporting its attorneys' fees, costs and interest so that the Court could complete an analysis of the reasonableness of same.   In accordance with the Omnibus Order, Carey Rodriguez timely filed an affidavit on November 3, 2008, that listed a summary of the costs incurred in the underlying arbitration action.  In accordance with Local Rule 7.3, Carey Rodriguz also filed a supporting affidavit from an expert witness, Lawrence D. Silverman, Esq.  On November 12, 2008, Arminak filed an objection to the Carey Rodriguez affidavit which was not supported by any case law, affidavits, declarations or exhibits.  Arminak also filed a request for an evidentiary hearing but failed to explain how a hearing would be helpful to the Court and failed to give any basis for its conclusory objections.

On December 8, 2008, this Court denied Arminak's request for an evidentiary hearing.  The Court further ordered Arminak to file a detailed memorandum of law substantiating any objection to the requested fees, costs and interest with the necessary case law.  Instead, Arminak chose to reargue the arguments which should have or could have been raised in the underlying arbitration proceedings.

On February 11, 2009, after carefully reviewing all the pleadings submitted in

support of the above-referenced motion, the undersigned further ordered petitioner to submit all supporting detailed billing statements for this action. The issue before this Court is a straightforward assessment of the reasonableness of the attorneys' fees, costs and interest requested.

## ANALYSIS

In order to determine a reasonable and proper fee, the Court must ordinarily consider the number of attorney hours expended on the case together with the customary fee charged in this community for similar legal services. See Norman v. Housing Auth. Of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of demonstrating the reasonableness of the hours claimed and the requested hourly rate. Id. at 1299 (citing NAACP v. City of Evergreen, 812 F.2d 1332 (11th Cir. 1987)). At a minimum, satisfactory evidence requires "more than the affidavit of the attorney performing the work." Norman at 1299. In addition, Southern District of Florida, Local Rule 7.3 provides, in pertinent part:

> Any motion for attorneys fees and/or to tax costs must specify: the judgment and the statute, rule, or other grounds entitling the moving party to the award; must state the amount or provide a fair estimate of the amount sought; shall disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made; shall be supported with particularity; shall be verified; and shall be filed and served within 30 days of entry of Final Judgment or other dispositive order.

On February 19, 2009, petitioner filed its Second Amended Affidavit seeking $246,915.62 representing the underlying arbitration award, the interest accrued, and the attorneys' fees and costs of collection. The undersigned has evaluated these requested amounts separately.

First, in addressing the attorneys' fees and costs, petitioner submitted its

computerized internal fee ledger. This billing record lists the service performed, the date performed, the amount of time expended, the person that performed the task and the hourly rate. Moreover, Carey Rodriguez has submitted supporting affidavits to support its fee request. The undersigned has closely reviewed every entry in the fee ledger. Based on this detailed review, the undersigned has deducted 112.8 hours of attorney time, paralegal time, and "litigation support"[1] resulting in a fee reduction of $37,241.76. The undersigned has deducted only those hours which appear duplicative or excessive after thoroughly reviewing the fee ledger. Petitioner requests attorneys' fees and costs totaling $167,845.21[2] based on attorney and paralegal time billed at hourly rates ranging from $100 per hour to $230 for a paralegal, and $235 to $475 for the most seasoned attorney. The rates quoted are from both the Holland & Knight firm and the Carey Rodriguez firm. The undersigned has spent considerable time reviewing the time sheets to determine a reasonable fee. The undersigned finds that certain hourly rates requested are not reasonable in light of those charged in the community for similar cases and has modified some of the hourly rates requested. Accordingly, the paralegal rates of $230 and $210 per hour charged by Holland & Knight have been modified to $100 per hour and the attorney fee rate of $375 per hour has been modified to $325 per hour. Likewise, the attorney rate

---

[1] The undersigned has deducted any requests for litigation support which appear to be secretarial services and/or tasks. These are simply part of office overhead and without a specific reference to payment of office overhead in the retainer agreement, the undersigned has deducted those amounts. Likewise, the undersigned has deducted amounts requested where the entry had no explanation of the task performed due to redaction. These were de minimus amounts but the undersigned makes note of same for purposes of clarity.

[2] For purposes of clarity, petitioner seeks the award of the arbitration award totaling $73,222.63, interest accrued of $5,847.78, and attorneys fees and costs of collection of $167,845.21, for a total sum of $246,915.62.

of $320 per hour for an associate has been modified to $250.³ Finally, the undersigned notes that Carey Rodriguez is a patent infringement firm and its attorneys charge rates that reflect its specialty. However, the instant action confirming the arbitration does not warrant these hourly rates and as such, the undersigned has modified the requested hourly rates of $475 and $375, to $325 and $250, respectively, for reasons enumerated above.

Petitioner also requests $15,050.00 for "expert professional services rendered" by two attorneys (Richard Bales, Esq. and Larry Silverman, Esq.) used to opine as to the reasonableness of the requested costs. As noted above, defendants raised no opposition to the requested costs. Given the broad language of the applicable contractual provisions in the retainer agreement indicating that the "[c]lients agree to pay any costs of collection incurred," and in light of the failure to raise any opposition thereto, the undersigned recommends recovery of these amounts with the following modification. The attorney experts charged $400 per hour to review the files. In light of the rates charged in this community to perform the same task, the undersigned finds this amount somewhat excessive and reduces the hourly rates of these expert attorneys to $325. Therefore, the requested amount has been reduced to $12, 220.00.

In reviewing the reasonableness of the hours expended for the detailed tasks, the undersigned found some instances of duplication and excessiveness requiring the adjustment indicated above. As such, the undersigned has reduced the fees (inclusive of expert fees) requested by $51,903.01, and recommends that this Court award attorneys'

---

³ The undersigned notes that the hourly rates referenced are the highest hourly rates charged for these individuals. Their rates started out at $350 and $265, respectively. As such, when the hourly rates were modified by this Court, the undersigned calculated each individual entry by the new rate.

fees and costs in the amount of $115,942.20. The reduction is based upon the modification of the hourly rates to reflect those in the community in similar cases and the excessive number or duplication of hours worked by paralegal, junior and senior attorneys to prepare pleadings and to research the law applicable to this case. By way of example, the record reflects that numerous members of two firms (hired counsel and Carey Rodriguez) billed for identical tasks causing the expenditure of excessive time being inefficiently expended on various research projects and the pleadings ultimately filed in this case. Thus, the amount of fees recommended has been modified to more accurately reflect a reasonable fee for this case.

In support of its request for costs, petitioner provides the Court with a print-out of its Disbursement Ledger and asks to be reimbursed for all of its costs, which include long distance calls, postage, parking, courier services and Westlaw charges. The defendant raises no argument or opposition to the costs requested. In reviewing the requested costs, the undersigned recommends that these costs be granted.

Calculating the recoverable amounts, the undersigned recommends that this Court award petitioner the total sum of $115,942.20 for attorneys' fees and costs incurred in this litigation. Further, petitioner should also be awarded its pre-judgment interest which has been calculated up through February 17, 2009, at $5,847.78. Additionally, petitioner is entitled to $73,222.63 which represents the underlying arbitration award.

Recommending these amounts, the undersigned is well aware that the fees and costs to be awarded exceed the amount of the underlying arbitration award originally at issue here. Nonetheless, the undersigned finds that this result is attributable solely to respondents' decision to contest the arbitration award on grounds not provided in the

Federal Arbitration Act. Rather, respondents sought to relitigate the arbitration issues and seek a decision inconsistent with the Arbitration Order. Thus, respondents have increased the amount they now owe to petitioner by vigorously asserting matters not relevant to this case. Petitioner had no choice other than to challenge respondents' assertions which now results in the recommended amounts contained herein.

In accordance with the foregoing, it is hereby

**RECOMMENDED** that Petitioner's Motion for Final Judgment be GRANTED IN PART in the amount of $115,942.20 against respondents for attorneys' fees and costs incurred in this litigation, and the amount of $5,847.78 for pre-judgment interest, plus $73,222.63 for the underlying arbitration award, for a total award of $195,012.61.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. § 636(b)(1)(C); United States v. Warren, 687 F.2d 347 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED at Miami, Florida this 18th day of March 2009.

_____
Ted E. Bandstra
Chief United States Magistrate Judge

Copies furnished to:
Honorable James Lawrence King
All Counsel of Record